IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| G.E.C., an infant, by and through her natural guardian and next friend, M.C.L., <br><br> Plaintiff, <br><br> vs. <br><br> NORTH KANSAS CITY SCHOOL DISTRICT NO. 74, d/b/a North Kansas City Schools, et al., <br><br> Defendants. | Case No. 18-00111-CV-W-ODS |

## ORDER AND OPINION (1) DENYING NORTH KANSAS CITY SCHOOL DISTRICT NO. 74'S AND RHONDA FORSEN'S MOTION TO DISMISS, AND (2) GRANTING IN PART AND DENYING IN PART FAVORITE HEALTHCARE STAFFING INC.'S AND TERESA FEKAS'S MOTION TO DISMISS

Pending are two motions to dismiss. Defendant North Kansas City School District No. 74 ("NKC Schools"), and Rhonda Forsen ("Forsen"), a school nurse employed by NKC Schools, seek dismissal of Plaintiff's petition in its entirety. Doc. #17. Favorite Healthcare Staffing, Inc. ("Favorite Staffing"), and Teresa Fekas ("Fekas"), a contract nurse placed at NKC Schools by Favorite Staffing, seek dismissal in part of Plaintiff's petition. Doc. #14.

### I. BACKGROUND

Plaintiff G.E.C., proceeds through her natural guardian and next friend, M.C.L, to bring this action against Defendants NKC Schools, Favorite Staffing, Forsen, and Fekas.[1] At the time of the alleged unlawful conduct, Plaintiff was an "infant citizen"

---

[1] All factual statements are taken from Plaintiff's petition. Doc. #1-2, at 3-28. At this stage, Plaintiff's factual allegations must be accepted as true and reviewed in the light most favorable to her. See Section II.

attending a local elementary school in NKC Schools.[2] Forsen was a school nurse employed by NKC Schools at the elementary school Plaintiff attended. Favorite Staffing contracts with various entities to provide staffing services, and placed Fekas at Plaintiff's elementary school as a "contract nurse."

On or about May 19, 2016, Plaintiff was sent to the nurse's office by a teacher "who was concerned that Plaintiff was injured because she was walking 'a little funny.'" Once in the nurse's office, Forsen and Fekas requested Plaintiff "pull down her pants and underwear" to allow Forsen to examine Plaintiff's vaginal area. After visually examining Plaintiff's vaginal area, Forsen used "her thumb and forefinger to spread Plaintiff's labia." Forsen then used her personal cell phone to take pictures of Plaintiff's vaginal area, and uploaded those pictures to her personal email account and desktop computer at the elementary school. Forsen later emailed the pictures to the elementary school's principal. Fekas remained in the room and witnessed Forsen's conduct, but did not act to stop or prevent the conduct.

Plaintiff's petition alleges Forsen examined Plaintiff in the manner she did because Forsen suspected Plaintiff's symptoms were the result of abuse. Forsen and Fekas did not obtain consent from Plaintiff's guardian(s) before examining her. Rather than proceed with their own investigation, Plaintiff alleges Forsen and Fekas were obligated to immediately report suspicions of abuse to the Missouri Department of Children's Services or law enforcement, but did not do so.

Plaintiff filed her petition in the Circuit Court of Clay County, Missouri, on January 5, 2018. On February 12, 2018, Favorite Staffing and Fekas removed the matter to this Court. Doc. #1.[3] Plaintiff brings claims for sex discrimination under public accommodation provisions of the Missouri Human Rights Act ("MHRA"), claimsunder 42 U.S.C. § 1983 based on violations of the Fourth and Fourteenth Amendments to the United States Constitution, assault and battery, negligence, negligent training and

---

[2] The Court is unsure of Plaintiff's exact age, and such information is generally irrelevant to the pending motions. For factual clarity, the Court notes Plaintiff's briefing indicates she was a first grade student at the time of the incident. Doc. #33, at 4; Doc. #34, at 5.
[3] NKC Schools and Forsen consented to removal. Doc. #1, at 3.

supervision, and violation of Missouri statutes related to medical providers. NKC Schools and Forsen jointly move to dismiss each of Plaintiff's claims, while Favorite Staffing and Fekas jointly move to dismiss Plaintiff's section 1983, negligent training and supervision, and Missouri medical provider statutory claims.[4]

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

---

[4] Plaintiff does not bring each claim against all Defendants. In analyzing each claim, the Court identifies each party against which the particular claim is brought.

3

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. DISCUSSION

#### A. MHRA Public Accommodation Claim (Count I)

Plaintiff's first claim is entitled "Sex Discrimination (Hostile Environment)," and is against all Defendants for alleged violation of public accommodation provisions of the MHRA. The public accommodation provision states:

> 1. All persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation, as hereinafter defined, without discrimination or segregation on the grounds of race, color, religion, national origin, sex, ancestry, or disability.
>
> 2. It is an unlawful discriminatory practice for any person, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, as defined in section 213.010 and this section, or to segregate or discriminate against any such person in the use thereof on the grounds of race, color, religion, national origin, sex, ancestry, or disability.

Mo. Rev. Stat. § 213.065. The statute prohibits discrimination in "any place of public accommodation," which applies to public school districts like NKC Schools. *See Doe ex. rel. Subia v. Kan. City, Mo. Sch. Dist.*, 372 S.W.3d 43, 48-51 (Mo. Ct. App. 2012). "Discrimination" is "conduct proscribed herein, taken because of race, color, religion, national origin, ancestry, sex, or age as it relates to employment, disability, or familial status as it relates to housing." Mo. Rev. Stat. § 213.010.6. Discrimination is "because of" if the protected criterion is a "motivating" factor in the adverse decision or action. Mo. Rev. Stat. § 213.010.2.[5]

---

[5] The Court notes the MHRA was amended, effective August 28, 2017. *See Hurley v. Vendtech-SGI, LLC*, No. 16-01222-CV-W-ODS, 2018 WL 736057, at *3-4 (W.D. Mo. Feb. 6, 2018). Neither party discusses what applicability, if any, the amended version of

NKC Schools and Forsen seek dismissal of these claims, relying on the Missouri Court of Appeals's decision in *Doe ex rel. Subia v. Kansas City, Missouri School District*.[6] Therein, the Missouri Court of Appeals found a student's claim for sexual harassment under the MHRA based on peer-to-peer harassment at an elementary school stated a cognizable claim. 372 S.W.3d at 56. The Court of Appeals borrowed from case law examining co-worker sexual harassment under the MHRA to articulate a standard by which a school district may be liable for peer-to-peer sexual harassment under the MHRA's public accommodation provisions. *Id.* at 54. Specifically, a plaintiff must allege and prove: (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) her gender was a contributing factor in the harassment; (4) the harassment refused, withheld from, or denied, or attempted to refuse, withhold from, or deny her any of the accommodations, advantages, facilities, services, or privileges made available in the public school, or segregated or discriminated against her in the use thereof on grounds of race, color, religion, national origin, sex, ancestry, or disability; and (5) the public school district knew or should have known of the harassment and failed to take prompt and effective remedial action. *Id.*

Plaintiff argues *Subia* is inapposite and should not provide a standard to guide the Court in analyzing her claims here. Although her MHRA claim is captioned "Sex Discrimination (Hostile Environment)," Plaintiff argues the claim is not one for sexual harassment, but rather, is best viewed as a "disparate treatment" claim.[7] Plaintiff argues she adequately pleaded elements of a disparate treatment claim, but does not cite a case articulating a standard to guide the Court's analysis of this novel claim. Instead, Plaintiff cites to the plain language of section 213.065.1 as the basis by which the Court should determine whether she stated a claim upon which relief can be granted.

---

the Act has on this matter. The Court leaves resolution of this issue for a later stage of the proceedings.
[6] Favorite Staffing and Fekas do not seek dismissal of this claim.
[7] While Plaintiff notes she does not use "harassment" in her petition, the Court notes she also does not use "disparate," "disparate impact," "different," or similar language that would readily identify this claim as one for disparate treatment under the MHRA.

5

Plaintiff's MHRA claim variously sounds in harassment and discrimination. For instance, Plaintiff's allegation sounds in harassment where she states she was subjected to "severe unwelcome physical contact," or her full and equal use of public school facilities was interfered with, or effectively refused, withheld, or denied altogether. However, Plaintiff's claim sounds in discrimination where she states her gender was "at least a contributing factor" in Defendants' conduct, and alleges illegal or intentional discrimination. While the Court must eventually determine what standard guides its analysis of Plaintiff's MHRA claim, the Court declines to do so at this time.

To the extent the Court analyzes Plaintiff's MHRA claim under the standard articulated in *Subia*, Plaintiff states a claim. Plaintiff is a female, and therefore, a member of a protected class. Plaintiff was subject to "severe unwelcome physical contact" by Forsen, and Fekas implicitly endorsed, ratified, and participated in that contact. Plaintiff states her gender was "at least a contributing factor" to Forsen's conduct, and states Forsen "would not have subjected male students to the severe unwelcome physical contact to which she subjected Plaintiff based on the same complaints, nor would Fekas had [sic] observed Forsen engage in the aforementioned conduct without stopping her if the complaining student was male." NKC Schools and Forsen note Plaintiff states she was sent to the nurse's office because her teacher was concerned she was injured, and Forsen engaged in the search because, at least in part, she was concerned about possible abuse. These arguments do not defeat Plaintiff's claim at this stage because Plaintiff also alleged her gender was a contributing factor to Forsen's and Fekas's conduct, and a male student would not have been subject to the same conduct. Plaintiff states the unwelcome conduct based on her gender "effectively refused, withheld from or denied…accommodations, advantages, facilities, services, or privileges made available" in the public school. Plaintiff also states she suffered "intentional discrimination" based on her sex.

Finally, *Subia's* fifth element, whether the public school district knew or should have known of the harassment and failed to take prompt and effective remedial action, is sufficiently pleaded. This case does not present peer-to-peer student harassment such that a public school district would be on notice to intervene in a conflict between students. However, Plaintiff pleaded NKC Schools and/or Forsen did not make good

6

faith efforts to establish and enforce policies to prevent discrimination, failed to properly train or inform employees of obligations under the MHRA, and did not report a suspicion of abuse to the Missouri Department of Children's Services.  Plaintiff also states Forsen emailed pictures taken during her examination of Plaintiff to the elementary school's principal.  Doc. #1-2, at ¶ 36.  On the face of the petition, it is unclear what actions, if any, the principal took in response to receiving the pictures, or whether further remedial action was taken and/or warranted.  Nonetheless, the elements of an MHRA discrimination claim as articulated in *Subia* are met on the face of Plaintiff's petition. The Court denies NKC Schools's and Forsen's motion to dismiss this claim.

To the extent *Subia* does not apply, the Court finds Plaintiff states a claim for relief if the Court were to rely on the plain language of the public accommodation provisions of the MHRA.  *See* Mo. Rev. Stat. § 213.065.  The parties fail to cite and the Court is unable to find a case involving facts similar to the facts pleaded by Plaintiff. Missouri courts have not set forward a standard that applies in situations such as the one before this Court.  At this stage, and without the benefit of an articulated standard (other than *Subia*), the Court finds Plaintiff has stated a plausible claim for violation of the MHRA – with regard to public accommodation – as set forth in the plain language of the statute.

### B.  Section 1983 Claims (Counts II & III)

Plaintiff's next two claims are brought under 42 U.S.C. § 1983 against Forsen and Fekas in their individual capacities only.  Count II presents a claim for unreasonable search of Plaintiff in violation of the Fourth Amendment of the United States Constitution, and Count III presents a claim for denial of substantive due process rights under the Fourteenth Amendment of the United States Constitution.  Forsen and Fekas seek dismissal of both claims.

The essential elements of a section 1983 claim are (1) the defendant(s) acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.  *DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999); *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

7

Case 4:18-cv-00111-ODS     Document 52     Filed 06/21/18     Page 7 of 15

Forsen argues Plaintiff fails to state section 1983 claims because Plaintiff does not allege the constitutional violation was committed pursuant to an official "policy or custom," and that "policy or custom" was the "moving force" behind her injury. *See M.Y. ex rel. J.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 890 (8th Cir. 2008) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)). However, such a requirement is only imposed where a plaintiff seeks to hold a governmental entity liable under section 1983. *Id.* (indicating plaintiff must show a constitutional violation committed pursuant to an official policy or custom, and the policy or custom was the moving force "*[t]o establish municipal liability under § 1983*") (emphasis added). In moving to dismiss, Forsen conflates official and individual capacity claims under section 1983. Plaintiff's section 1983 claims are brought against Forsen in her individual capacity, and thus, are not equivalent to a claim against NKC Schools.

Plaintiff's claims against Forsen in her individual capacity do not fail to state a claim if Plaintiff alleges Forsen acted under color of state law, and the wrongful conduct deprived Plaintiff of a constitutionally protected federal right. *DuBose*, 187 F.3d at 1002. Here, Plaintiff pleaded Forsen was a state actor in that she was a nurse employed with a public school. Plaintiff further alleges an unreasonable search occurred when Plaintiff was required to remove her "undergarments," and Forsen used her thumb and forefinger to physically inspect Plaintiff's vaginal area. Accordingly, Plaintiff has stated a claim for relief under Counts II and III against Forsen in her individual capacity, and the Court denies Forsen's motion to dismiss Counts II and III.

Fekas argues Plaintiff's section 1983 claims against her should be dismissed because she was not acting under color of state law. A party seeking to hold a private individual liable under section 1983, to survive a motion to dismiss, must allege "there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993) (listing cases).

Plaintiff alleges Fekas acted under color of state law in that she was "a contract nurse placed at a public school for the specific purpose of conducting public school nurse functions." Plaintiff argues her petition permits the Court to infer Fekas was a willful participant in the alleged search of Plaintiff because Fekas observed the conduct. However, the petition does not allege Fekas had a meeting of the minds or a mutual

8

understanding with Forsen or another state actor to deny Plaintiff's civil rights. Accordingly, the Court finds Plaintiff fails to state a claim under section 1983 against Fekas, and dismisses Counts II and III to the extent Plaintiff seeks to hold Fekas liable under section 1983 in her individual capacity.[8]

### C. Assault and Battery Claims (Counts IV & V)

Counts IV and V present claims for, respectively, assault and battery against Forsen. Forsen argues dismissal of these claims is proper because Plaintiff fails to allege the necessary elements of the claims, and because official immunity shields Forsen from these claims.

Assault and battery are two distinct claims. Assault is "any unlawful offer or attempt to injure another with the apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril." *Elias v. Davis*, 535 S.W.3d 737, 745 (Mo. Ct. App. 2017) (citations omitted). The elements of assault are: (1) defendant's intent to cause bodily harm or offensive contact, or apprehension of either; (2) conduct of the defendant indicating such intent; and (3) apprehension of bodily harm or offensive contact on the part of the plaintiff caused by defendant's conduct." *Id.* (citations and internal quotations omitted). Battery is "intended, offensive bodily contact with another person." *Id.* (citation and internal quotations omitted). Battery can be characterized as the "consummation of an assault." *Id.* (citation and internal quotations omitted).

Plaintiff pleaded Forsen "intended" to engage in offensive contact, and made contact with Plaintiff in an offensive manner. Plaintiff pleaded Forsen's conduct caused apprehension of offensive contact, and Forsen's conduct in directing Plaintiff to remove her pants and underwear is conduct indicating an intent to engage in offensive contact. These allegations state claims for assault and battery against Forsen.

---

[8] The Court does not need to reach Fekas's additional arguments that her conduct as alleged does not shock the contemporary conscience as required to establish a violation of Plaintiff's substantive due process rights. With the Court's dismissal of Counts II and III against Fekas, whether she is entitled to qualified immunity for her conduct is rendered moot.

Forsen additionally argues Plaintiff's assault and battery claims should be dismissed because she has official immunity. The defense of official immunity "does not apply to intentional torts." *Id.*, at 745 n.4 (citing *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. banc. 2008)). This is true even when the act is discretionary if the alleged conduct is "willfully wrong or done with malice or corruption." *Id.* Assault and battery are intentional torts. *Hockensmith v. Brown*, 929 S.W.2d 840, 845 (Mo. Ct. App. 1996). Here, Plaintiff pleaded Forsen's conduct was "malicious, oppressive or in reckless disregard of Plaintiff's rights." This is sufficient to survive a motion to dismiss based upon official immunity. Accordingly, the Court denies Forsen's motion to dismiss Counts IV and V.

### D. Common Law Negligence Claim (Count VI)

Count VI alleges common law negligence against all Defendants. For similar reasons the Court denies Forsen's motion to dismiss the assault and battery claims on the basis of official immunity, the Court denies Forsen's motion to dismiss Plaintiff's common law negligence claim against her. *See Southers*, 263 S.W.3d at 610 (citation omitted) ("Even a discretionary act…will not be protected by official immunity if the conduct is willfully wrong or done with malice or corruption.").

NKC Schools argues dismissal is proper because the doctrine of sovereign immunity bars the claim. Forsen argues dismissal is proper because official immunity shields her from this claim.[9] Sovereign immunity is a common law rule precluding tort claims against state entities, such as a public school district, unless the entity has consented to be sued. Mo. Rev. Stat. § 537.600(1); *see also A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 633 (Mo. Ct. App. 2016). Sovereign immunity applies in tort actions "except to the extent waived, abrogated or modified by statutes." Mo. Rev. Stat. § 567.600(1). Sovereign immunity is not an affirmative defense, and Plaintiff "bears the burden of pleading with specificity those facts giving rise to an exception to sovereign immunity when suing a public entity." *Hazelwood*, 491 S.W.3d at 633.

---

[9] Favorite Staffing and Fekas do not seek dismissal of this claim.

An exception to sovereign immunity may exist where the state or one of its political subdivisions procures insurance for tort claims. Mo. Rev. Stat. § 537.610(1); *see also Gregg v. City of Kan. City*, 272 S.W.3d 353, 359 (Mo. Ct. App. 2008). Plaintiff specifically pleaded her tort claims are not barred by sovereign immunity because provisions of liability insurance are applicable to those claims. NKC Schools argues this statement is not specific enough to permit this claim to go forward, and further states, in its reply brief, it does not have a liability insurance policy applicable to Plaintiff's tort claims. "Whether sovereign immunity is waived in a particular case depends on whether the plaintiff's claim falls within the purposes covered by the defendant's policy. *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003) (citations omitted). NKC Schools does not attach an insurance policy or other documentation that would allow the Court to evaluate whether Plaintiff's claims are covered by an insurance policy. Regardless, at this stage, and construing Plaintiff's allegations in her favor as the Court must do, the Court finds Plaintiff's allegation that provisions of a liability insurance policy cover her tort claims sufficient to survive a motion to dismiss. Accordingly, the Court denies NKC Schools's motion to dismiss Count VI.

Finally, the Court finds Plaintiff states a claim for negligence, and denies NKC Schools's and Forsen's motion. Plaintiff must plead (1) the defendant had a duty to the plaintiff, (2) the defendant failed to perform that duty, and (3) the defendant's breach was the proximate cause of the plaintiff's injury. *McComb v. Norfus*, 541 S.W.3d 550, 554 (Mo. banc 2018). Plaintiff alleges a duty owed to her, a breach of that duty, and injuries as a result of the breached duty. Accordingly, Plaintiff states a claim for common law negligence, and the Court denies NKC Schools's and Forsen's motion to dismiss Count VI.

### E.  Negligent Training and Supervision Claims (Counts VII & VIII)

Counts VII and VIII are common law negligence claims against NKC Schools and Favorite Staffing for failure to train and failure to supervise. NKC Schools argues sovereign immunity bars these claims. However, as explained above, the Court declines to dismiss these claims on the basis of sovereign immunity at this time. NKC

Schools also argues Plaintiff fails to state a claim because the petition does not allege a breach of a duty pertaining to training or supervising district employees.

Plaintiff alleges NKC Schools breached its duty of care by "failing to establish proper professional protocols and procedures and/or by failing to train Forsen in proper professional protocols and procedures." Plaintiff also alleges NKC Scools breached its duty of care by "failing to supervise Forsen to ensure she used proper professional protocols and procedures in the course and scope of her employment with NKC Schools." While these statements do not identify the specific professional protocol and procedure that should be instituted and followed in a public school, the factual allegations – Plaintiff being sent to the nurse's office, the invasive search of Plaintiff's vaginal area, taking pictures on a personal cell phone, and the handling of those pictures – lead the Court to find Plaintiff states a claim for negligent failure to train and supervise against NKC Schools. NKC Schools's motion to dismiss Counts VII and VIII is denied.

Favorite Staffing argues Plaintiff's negligent training and supervision claims should be dismissed for failure to state a claim. "Under Missouri law, to make a prima facie case for negligent supervision or training, a plaintiff must plead and prove: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *Garrett v. Albright*, No. 06-CV-0785, 2008 WL 795621, at *5 (W.D. Mo. Mar. 21, 2008). A claim for negligent training or supervision will not succeed if an employee was acting within the course and scope of his or her employment. *See Kan. City Laser, Inc. v. MCI Telecomm. Corp.*, 252 F. App'x 100, 102 (8th Cir. 2007). Because Favorite Staffing has admitted Fekas was acting within the scope of her employment in its Answer (Doc. #16, at ¶ 12), it argues the negligent supervision claim should be dismissed. Favorite Staffing further argues Plaintiff has not sufficiently pleaded her negligent training claim because she does not identify training that was provided to Fekas.

Plaintiff's petition alleges Fekas was acting within the scope of her employment when the incident occurred, and she had a duty to immediately report any suspicion of

abuse to the Missouri Department of Children's Services or law enforcement. According to the petition, the applicable standard of care is to immediately report suspicions of abuse to the state, not to perform an investigation on one's own. Given these allegations, it is unclear whether Fekas was acting within the scope of her employment. That question of fact is better resolved on a motion for summary judgment or by a jury. While Plaintiff's petition does not detail specific trainings, if any, Fekas received, the petition generally states professional protocols and/or procedures were not followed by Fekas and Forsen as they investigated allegations of abuse. Reviewing Plaintiff's petition, and construing all allegations in her favor as the Court must do, the Court finds Plaintiff states claims for negligent training and negligent supervision. Accordingly, the Court denies Favorite Staffing's motion to dismiss Counts VII and VIII.

### F. Missouri Medical Provider Statute Claim (Count IX)

Plaintiff's final claim is brought against all Defendants pursuant to Chapter 538 of the Missouri Revised Statutes, which provides a tort cause of action against a health care provider for health care services. Specifically, the statute provides:

> A statutory cause of action for damages against a health care provider for personal injury or death arising out of the rendering of or failure to render health care services is hereby created, replacing any such common law cause of action. The elements of such cause of action are that the health care provider failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the defendant's profession and that such failure directly caused or contributed to cause the plaintiff's injury or death.

Mo. Rev. Stat. § 538.210.1. A "health care provider" is:

> [A]ny physician, hospital, health maintenance organization, ambulatory surgical center, long-term care facility including those licensed under chapter 198, dentist, registered or licensed practical nurse, optometrist, podiatrist, pharmacist, chiropractor, professional physical therapist, psychologist, physician-in-training, and any other person or entity that provides health care services under the authority of a license or certificate.

Mo. Rev. Stat. § 538.205.6. The statute defines "health care services" as:

> [A]ny services that a health care provider renders to a patient in the ordinary course of the health care provider's profession or, if the health care provider is an institution, in the ordinary course of furthering the

13

purposes for which the institution is organized. Professional services shall include, but are not limited to, transfer to a patient of goods or services incidental or pursuant to the practice of the health care provider's profession or in furtherance of the purposes for which an institutional health care provider is organized.

Mo. Rev. Stat. § 538.205.7.

Defendants, relying solely on the statutory language, argue they are not covered by the statute because they are not health care providers providing health care services, but the Court finds this argument unpersuasive at this stage of the proceedings. Fekas and Forsen are alleged to be nurses, and thus, fit within the ambit of the statute as health care providers. Furthermore, the Court finds no support for Fekas's argument that she was not providing health care services because she did not conduct the alleged search, but watched Forsen conduct the alleged search. Fekas cites no case law for this proposition, and the Court has no factual basis at this stage on which to rely in deciding the extent of the care due to Plaintiff by Fekas.

Favorite Staffing argues it is not a health care provider, but Plaintiff's petition alleges Fekas was placed at the school with the knowledge that she would be working as a nurse by Favorite Staffing. It is unclear whether Favorite Staffing is an "entity that provides health care services under the authority of a license or certificate" such that Chapter 538 applies. The Court declines to decide that issue on the limited record before it. Accordingly, the Court denies Favorite Staffing's motion to dismiss Count IX.

NKC Schools argues it is a "nonprofit community health center or other nonprofit entity that solely provides free health care services and is qualified as exempt from federal taxation under Section 501(c)(3) of the Internal Revenue Code," and therefore, is immune from suit under Chapter 538. *See* Mo. Rev. Stat. § 538.228.[10] While NKC Schools may ultimately establish immunity under this exception, the Court cannot make that determination on the limited record and in contravention of Plaintiff's allegations. Accordingly, the Court denies NKC Schools's motion to dismiss Count IX.

---

[10] Forsen and NKC Schools argue they are immune from this claim on the basis of, respectively, official and sovereign immunity. For the reasons described previously, the Court denies their motion to dismiss this claim on those bases.

14

## IV. CONCLUSION

For the above reasons, the Court denies NKC Schools's and Forsen's motion to dismiss. The Court grants Favorite Staffing's and Fekas's motion to dismiss Plaintiff's section 1983 claims in Counts II and III against Fekas in her individual capacity, but denies their motion to dismiss Plaintiff's negligent training, negligent supervision, and Missouri medical provider statutory claims against Favorite Staffing and/or Fekas.

The Court notes Favorite Staffing and Fekas filed an answer to Plaintiff's petition (Doc. #16), but NKC Schools and Forsen have not yet done so in light of the pending motion. Accordingly, NKC Schools and Forsen shall answer Plaintiff's petition within fourteen days of this order. *See* Fed. R. Civ. P. 12(a)(4).

IT IS SO ORDERED.

DATE: June 21, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

15

Case 4:18-cv-00111-ODS   Document 52   Filed 06/21/18   Page 15 of 15